■    In the Matter of the Claim of KAARINA OKSMAN, Respondent, against HENRY QUIST CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which made an award of death benefits. The deceased employee worked as a night watchman on a floating derrick. On week ends he remained on the derrick from Friday evening to Monday morning. On Monday morning, August 6, 1956 the first worker arrived at 6:40 A.M. and exchanged greetings with the decedent who was sweeping the boiler room floor. At 7:15 A.M. the decedent was found lying dead on the deck. It was shown that it was customary to let the boiler fire go out on Friday night during the Summer and to rekindle it on Monday morning, that it took 150 to 200 pounds of coal to get steam up and that the boiler was generating steam when the first worker went on board that morning. There was also testimony indicating that a water pump weighing about 80 pounds which had been left on the derrick on Friday night was found on a scow along side the derrick, that the scow was leaking badly and needed pumping, that the hose necessary for pumping was not yet attached to the pump and that this hose was found near the decedent's body. The board found that immediately prior to his death the decedent shoveled coal and moved the heavy pump. In this unwitnessed accident situation, these were reasonable inferences which could properly be drawn from the facts and circumstances that were shown. Two physicians testified that the unusual and heavy exertion which the decedent performed prior to his death precipitated his fatal heart failure. Even the appellants' medical witnesses admitted that if the pump had been carried immediately before the decedent's death they could not reject the possibility that this exertion had precipitated death. Thus the board could find, as it did, that the decedent's death resulted from the unusual strain and extra exertion of his work activities. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.